United States District Court
Southern District of Texas
**ENTERED**
July 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:18-1336-4 |
| | § | CIVIL NO. 2:21-288 |
| BENJAMIN LLAMAS, | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Benjamin Llamas has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum in support. D.E. 420, 421. Now pending is the United States of America's (the "Government") Motion for Summary Judgment (D.E. 439), to which Movant has responded (D.E. 449).

**I. BACKGROUND**

On November 28, 2018, a grand jury indicted Movant and his cousin Michael Llamas (M. Llamas), along with Victoria Martinez (Martinez), James Roye Bryan Townzen (J. Townzen), Charles Warren Callis (Callis), Raymond Reyes (Reyes), John Perez (Perez), Raymond Shane Townzen (S. Townzen), and Joe McNabb (McNabb) for conspiracy to possess with intent to distribute a synthetic cannabinoid mixture and substance (5F-MDMB-PINACA) from on or about October 1, 2017, through October 2, 2018, in violation of 21 U.S.C. §§ 846, 841(a)(1),and 841(b)(1)(C). M. Llamas and Martinez were also charged with additional counts involving firearms.

Movant pled guilty without a plea agreement. The Presentence Report (PSR, D.E. 181) calculated Movant's base offense level at 34. Two levels were added under U.S.S.G. § 2D1.1(b)(1) because a dangerous weapon was possessed, based on two firearms that were found in the

1

residence Movant shared with M. Llamas; two levels were added under U.S.S.G. §§ 2D1.1(b)(7) for distributing a controlled substance through mass-marketing by means of an interactive computer service, based on the use of Facebook accounts to advertise and sell the synthetic cannabinoid; and two levels were added under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, because Movant maintained a residence with M. Llamas, from which the pair conducted sales of synthetic cannabinoid and which also housed a laboratory for manufacturing the synthetic cannabinoid. After credit for acceptance of responsibility, Movant's total offense level was 37. With a criminal history category of IV, his Guidelines range was calculated to be 240 months, the statutory maximum sentence.

Movant's counsel filed written objections to the PSR. Following a two-part contested sentence hearing, the relevant parts of which will be discussed *infra*, the Court found that the mitigating role adjustment pursuant to U.S.S.G. § 3B1.2(b) was applicable and that the enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purposes of manufacturing or distributing a controlled substance did not apply. The Court determined that the base offense level should be 30 rather than 37, with a resulting Guidelines range of 168 to 210 months' imprisonment. The Court sentenced Movant to 168 months, the lowest end of the Guidelines.

On appeal, Movant argued that the Court plainly erred by accepting a factual basis for his plea that failed to establish his knowledge of the conspiracy or his voluntary participation in it. The Fifth Circuit Court of Appeals affirmed his conviction and sentence on December 16, 2020, holding that the "facts gleaned from the plea colloquy and relied upon in the presentence report, as well as inferences fairly drawn from evidence presented at the sentencing hearing, support the

adequacy of the factual basis." *United States v. Llamas*, 837 F. App'x 291, 292 (5th Cir. 2020). As the Fifth Circuit explained:

> By pleading guilty and accepting the Government's factual basis without lodging a specific objection, Llamas accepted that he was part of a group that manufactured and distributed synthetic cannabinoids in the Corpus Christi area. Llamas's testimony at his sentencing hearing also referenced his involvement in the conspiracy, and he accepted being associated with two other named co-conspirators. The Government also presented evidence that Llamas used his Facebook account to advertise synthetic cannabinoids for sale and to connect with buyers, and that he engaged in hand-to-hand drug transactions. The evidence further showed that Llamas had ties to an apartment belonging to one of his co-conspirators. Officers observed that Llamas engaged in drug sales from this apartment. A search warrant executed after Llamas's arrest revealed a synthetic cannabinoid laboratory located there.

*Id.*

Movant did not petition the Supreme Court for a writ of certiorari, and his conviction became final on March 16, 2021. *See* FED. R. APP. P. 4(b)(1)(A)(i). He filed the current motion under 28 U.S.C. § 2255 on December 1, 2021. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant's § 2255 motion raises a single ground for relief: trial counsel was constitutionally ineffective because she failed to argue that Movant should not have received a 2-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon because the possession of firearms was not reasonably foreseeable to Movant.

## III. LEGAL STANDARDS

### A. 18 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28

U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689–90. Regarding the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter*, 131 F.3d at 463.

Before deciding whether to plead guilty, a defendant is entitled to "the effective assistance of competent counsel." *Padilla v. Kentucky*, 559 U.S. 356, 364–65, (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970), and citing *Strickland*, 466 U.S. at 686). *Strickland's* two-part analysis applies to claims of ineffective assistance of counsel in this context. *E.g.*, *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). During this stage of a proceeding, the Supreme Court has reiterated that counsel has "the critical obligation . . . to advise the client of 'the advantages and disadvantages of a plea agreement.' " *Padilla*, 559 U.S. at 370 (citing *Libretti v. United States*, 516 U.S. 29, 50–51 (1995)). "It is the lawyer's duty to ascertain if the plea is entered voluntarily and knowingly," and the "lawyer must actually and substantially assist his client in deciding whether to plead guilty." *United States. v. Cavitt*, 550 F.3d 430, 440 (5th Cir. 2008) (quoting and *citing Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974)). "It is his job to provide the accused an understanding of the law in relation to the facts." *Id.* "The advice he gives need not be perfect, but it must be reasonably competent." *Id.* In this context, the prejudice prong requires the prisoner to demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Smith*, 844 F.2d 203, 209 (5th Cir. 1988) (quoting *Hill*, 474 U.S. at 59). "The test is objective; it turns on what a reasonable person in the defendant's shoes would do." *Id.* at 209; *accord Padilla*, 559 U.S. at 372 ("[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

## IV. ANALYSIS

Movant received a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because a dangerous weapon was possessed. The PSR set forth the basis for the enhancement as follows: "In the instant case, the defendant, along with his co-defendant, Michael Llamas, possessed two (2)

5

firearms in their shared residence, which was located, along with illegal drugs, in a search during the investigation into the instant offense . . . ." PSR ¶ 51.

Movant alleges that trial counsel was constitutionally ineffective because she failed to argue that Movant should not have received an enhancement for possessing a dangerous weapon because the possession of firearms was not reasonably foreseeable to Movant. He argues that "his attorney failed to argue the fact that there is absolutely no connection between Mr. Llamas and the firearms discovered during the search of his cousin's residence." D.E. 421, pp. 9–10.

Defense counsel filed several written objections to the PSR, including an objection to the enhancement under § 2D1.1(b)(1):

> Defendant objects to the 2-point enhancement for a firearm.
>
> Defendant denies any ownership of a firearm. Note that firearm was located in a COMPLETELY SEPARATE room and AWAY from where drug evidence was located (in rear room). Defendant contends that the firearm's location was not connected with drug activity or in the same course of conduct. No firearm was used in the commission of an offense.
>
> Defendant objects to the identification of the Up River Rd. apartment as being a shared "residence" as between Michael Llamas and Benjamin Llamas. Defendant admits to having visited such apartment and to staying as a guest of Michael Llamas who is Defendant's cousin.

D.E. 206, pp. 3–4 (emphasis in original).

Counsel also specifically argued at sentencing that "there [was] not sufficient proof . . . that those guns can be connected to [Movant]." 3/16/2020 Sent. Tr., D.E. 367, p. 56. Counsel further argued that Movant did not reside at the apartment where the guns were seized, that Movant was not responsible for "security for the apartment, guarding the apartment, and there were no latent prints to connect him to the gun[s]." *Id.* at 56-57. The Government countered that it was not merely a matter of reasonable foreseeability, but that the surveillance, Movant's presence while narcotics were being manufactured in the apartment, codefendant Martinez's possession of additional

6

firearms for security, and Movant's dealing drugs out of the apartment all led to a more "direct connection" to firearms as part of the conspiracy. *Id.* at 57-58. The Court ultimately overruled Movant's objection to the 2-level increase for possession of a firearm during the offense based on reasonable foreseeability by those involved in the conspiracy that dangerous weapons would be possessed. *Id.* at 58.

Because Movant's claim that his counsel failed to object to the weapons enhancement is directly contradicted by the record, his claim that counsel was ineffective for failing to raise such a claim is denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As for claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." *Id*. This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's Motion for Summary Judgment (D.E. 439) is **GRANTED**; Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 420) is **DENIED**; and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 6th day of July, 2022.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE